406 A.2d 558

**COMMONWEALTH of Pennsylvania**

v.

**Ronald HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 15, 1979.

Reargument Denied Sept. 5, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

 Appellant was convicted of conspiracy, assault, and possession of an instrument of crime. The only issue we shall consider on this appeal [1] is whether there was sufficient evidence to sustain the conviction of possession of an instrument of crime.[2]

On June 7, 1977, at approximately 8:40 p. m., Philadelphia police officer Frank Rowe responded to a call that there was a burglary in progress at a building located at 625 North 2nd Street. Rowe lifted up a rear garage door, which had a broken panel, and entered the building. He observed appellant and another man in a front room; appellant was bending over with a flaming piece of cardboard in his hand. According to Rowe, the room was almost dark, with only a "couple of light-bulbs lit." N.T. 9. When Rowe identified himself and told appellant to drop the flaming cardboard, appellant threw it at him; it missed, and appellant was arrested.

The issue argued to us is whether appellant's flaming cardboard was within one of the Section 907 definitions of an "instrument of crime," specifically, whether it was "[a]nything specially made or specially adapted for criminal use."

In *Commonwealth v. Rios*, 246 Pa.Super. 479, 487, 371 A.2d 937, 941 (1977), we held that a hammer used in an assault was not an instrument of crime, because it was not "reshaped or specially constructed to inflict bodily injury." Likewise, in *Commonwealth v. Moore*, 261 Pa.Super. 92, 101,

---

1. Appellant argues that the evidence was insufficient to sustain the conviction of conspiracy, and that Section 906 of the Crimes Code precludes his conviction of both conspiracy and possession of an instrument of crime. We shall not consider appellant's first argument because he failed to file a Notice of Appeal from the judgment of sentence on Indictment No. 1480, which is the indictment that charged him with conspiracy. Failure to file a timely Notice of Appeal is fatal to that appeal. *See Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977). We find it unnecessary to reach appellant's second argument.

2. Pennsylvania Crimes Code, 18 Pa.C.S.A. § 907 (Purdon's 1973).

395 A.2d 1328, 1333 (1978), we held that a "little paddle stick" the defendant had used to hit a child was not an "instrument of crime" because "[t]here [was] no evidence that the stick was reshaped or specially constructed to inflict bodily injury." Here, it may be inferred that appellant lit a match and applied it to the cardboard, thereby altering the cardboard's form. However, this occurred *before* appellant was aware of Officer Rowe's presence. There was no evidence that appellant altered the cardboard for the purpose of assaulting the officer. Accordingly, the evidence was insufficient to show that the cardboard was an "instrument of crime" in the sense of having been "reshaped or specially constructed to inflict bodily injury."

To be sure, something might be an "instrument of crime" in that it was "specially made or specially adapted" for some "criminal use" other than a criminal use such as an assault, which involves the infliction of bodily injury. For example, there are special devices for effecting entrance into a locked automobile and for starting its ignition. However, here there was no evidence of such other criminal use . The Commonwealth contends that the flaming cardboard should be held to be an instrument of crime because it was "of use only as an instrument of destruction." Commonwealth's Brief at 6. In a footnote to this statement the Commonwealth contends that "[t]he creation of the torch demonstrates [appellant's] criminal objective." *Id.* The difficulty with these contentions is that they are unsupported by the record. The plain inference from the evidence is that appellant used the flaming cardboard as a source of light. Functionally, it was as though he had turned on a flashlight. The conviction for possession of an instrument of crime must therefore be reversed, and the case remanded for resentencing on the remaining convictions. *Commonwealth v. Lockhart*, 223 Pa. Super. 60, 296 A.2d 883 (1972).

Judgment of sentence on No. 1481 is arrested. Case remanded for resentencing on Nos. 1479 and 1480.