436 A.2d 679

**COMMONWEALTH of Pennsylvania,**

v.

**Judith GETSON, Appellant.**

Superior Court of Pennsylvania.

Argued April 21, 1981.

Filed Oct. 30, 1981.

Elliott R. Feldman, Philadelphia, for appellant.

Richard J. Tompkins, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

Opinion by WICKERSHAM, Judge:

On January 11, 1980, appellant, Judith Getson, was found guilty by District Justice Robert P. Johnson of speeding, 75 Pa.C.S. § 3362(a)(3), and was ordered to pay a fine and costs in the amount of $86.00. Appellant paid the fine and costs and appealed the conviction to the Court of Common Pleas of Montgomery County. On July 24, 1980, a trial *de novo* was held in this matter before the Honorable Lawrence A. Brown. At the end of the trial, Judge Brown found appellant guilty of the summary offense,[1] dismissed the appeal, and entered judgment of sentence on the docket. Appellant was sentenced to pay the costs of prosecution, having already paid $86.00 at the district justice level. Appellant took this appeal.[2]

[1] *See* 75 Pa.C.S. § 3362(c), § 6502(a).

[2] The order from which appellant took this appeal is the judgment of sentence. Appellant presents the issue on appeal as follows:

We agree with the Commonwealth that there is no indication in the record that appellant made any post-verdict motions in accordance with Pa.R.Crim.P. 1123, *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981),[3] nor does the record show that the trial court complied with the requirements of Rule 1123(c) that defendant be advised, after verdict, of her right to file post-verdict motions and the consequences of her failure to so file. The lower court's only actions were to find appellant guilty and to enter judgment of sentence on the docket. Under these circumstances, we conclude that appellant did not knowingly and intelligently waive her right to file post-verdict motions, and, accordingly, we remand this case to the court below to allow appellant to file those motions *nunc pro tunc. Commonwealth v. Williams,* 290 Pa.Super. 158, 434 A.2d 179 (1981); *Commonwealth v. Koch, supra.*

Judgment of sentence vacated and the cause remanded for proceedings consonant with this opinion.

Is the legislature's approval and authorization of stopwatches as authorized mechanical speed timing devices unconstitutional, as a denial of due process of law, in that the significant and substantial inaccuracies which are inherent in the methodology utilized by police departments for timing of vehicular speed by the use of stopwatches result in the conviction of innocent parties, and in an unfairly excessive accumulation of penalty points for properly convicted parties?
Brief for Appellant at (ii).

**3.** The Pennsylvania Rules of Criminal Procedure govern actions for the enforcement of the penal laws in all courts including courts not of record. Pa.R.Crim.P. 1(a), 3(g). Penal laws include all statutes "which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa.R.Crim.P. 3(1); *Commonwealth v. Koch,* 288 Pa.Super. 290, 294, 431 A.2d 1052, 1054–1055 (1981). Since a violation of any provision of the Vehicle Code is designated a summary offense unless the violation is otherwise declared to be a misdemeanor or felony, 75 Pa.C.S. § 6502(a), and since section 6504 of the Code provides for imprisonment upon a defendant's failure to pay any fine and costs, we conclude that Pa.R.Crim.P. 1123 is applicable to *de novo* proceedings involving violations of the Vehicle Code.