461 A.2d 1305

**COMMONWEALTH of Pennsylvania**

v.

**Rufus E. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1983.

Filed June 24, 1983.

Neil Leibman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and JOHNSON and MONTEMURO, JJ.

CERCONE, President Judge:

This is a direct appeal from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County on December 3, 1981.

Appellant was arrested on March 15, 1981 by an officer of the Philadelphia Police Department and subsequently charged by information with receiving stolen property [1] and unauthorized use of an automobile.[2] In a bench trial conducted on December 3, 1981, appellant was convicted of the summary offense of unauthorized use of an automobile but was adjudged not guilty of receiving stolen property. After denying appellant's single oral post-verdict motion,[3] the lower court sentenced appellant to two years probation.

On appeal, appellant challenges the sufficiency of the Commonwealth's evidence, arguing that there was inadequate proof that (1) he was in fact "operating" the subject vehicle at the time of his arrest; and (2) the vehicle was being operated without the consent of its "owner".[4]

Our review of the record leads us to the conclusion that we are required to vacate the judgment of sentence and remand the case to the lower court.

Instantly, appellant raises for our resolution an argument which was not advanced in his oral post-verdict motions.[5]

1. 18 Pa.C.S.A. § 3925.

2. 18 Pa.C.S.A. § 3928.

3. Contrary to representations made by appellant in his brief, no written post-verdict motions were filed with the lower court.

4. 18 Pa.C.S.A. § 3928 reads in its entirety:

Unauthorized use of automobile and
other vehicles

(a) Offense defined.—A person is guilty of a misdemeanor of the second degree, if he *operates* the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the *owner.*

(b) Defense.—It is a defense to prosecution under this section that the actor reasonably believed that the *owner* would have consented to the operation had he known of it. (Emphasis supplied.)

5. The oral presentation of a post-verdict motion is sufficient, for purposes of Pa.R.Crim.P. 1123, to preserve the matter raised in the

Normally, we are required to regard such an issue as waived so far as our review is concerned. *Commonwealth v. Dunston*, 496 Pa. 552, 437 A.2d 1178 (1981). However, as our Supreme Court stated in *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1975), the failure to file post-trial motions will be construed as waiver only in cases where the record "affirmatively demonstrate[s] that the appellant was aware of his right to file post-trial motions, and that he knowingly and intelligently decided not to do so." *Id.*, 458 Pa. at 235, 328 A.2d at 169. Consequently, where the record demonstrates that the post-verdict court did not comply with the mandate of Pa.R.Crim.P. 1123(c) [6] that the defendant be advised, after verdict, of his or her right to file post-verdict motions within 10 days, and that any issues not raised in those motions will be forever waived on appeal, it cannot be said that the defendant knowingly and intelligently surrendered his right to advance arguments on appeal by failing to include them in post-trial motions. *Commonwealth v. Von Aczel, supra;* and *Commonwealth v. Getson*, 291 Pa.Superior Ct. 632, 436 A.2d 679 (1981).[7]

motion for appellate review. *Commonwealth v. Von Aczel,* 295 Pa.Superior Ct. 242, 441 A.2d 750 (1981); *Commonwealth v. Kinsey,* 249 Pa.Superior Ct. 1, 375 A.2d 727 (1977), *Cf.* Pa.R.Crim.P. 1123(b).

Appellant's argument which *was* preserved for appellate review, *viz.* that the Commonwealth failed to prove that he was "operating" the vehicle in question, is patently frivolous. *See* generally *Commonwealth v. Taylor,* 237 Pa.Superior Ct. 212, 352 A.2d 137 (1975); *Commonwealth v. Kloch,* 230 Pa.Superior Ct. 563, 327 A.2d 375 (1974); *Commonwealth v. Matsinger,* 288 Pa.Superior Ct. 271, 431 A.2d 1043 (1981).

**6.** In *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981), we ruled that the strictures of Rule 1123 apply with equal force to summary violations.

**7.** We note that we address *sua sponte* the failure of the lower court to conduct a Rule 1123 colloquy. However, as we stated recently in *Commonwealth v. Thomas,* 305 Pa.Superior Ct. 158, 163 n. 7, 451 A.2d 470, 472 n. 7 (1982):

We need not now determine the effect, if any, of appellant's failure to argue the failure of the trial court to conduct a Rule 1123 colloquy. That question remains undecided here, as it did in *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). As we stated there:

Instantly, upon the rendering of the verdict, defense counsel orally entered a single post-trial motion which was immediately denied by the lower court, which then proceeded to impose sentence. Although the court advised appellant of his right to request that the court reconsider its sentence, at no time did the court, prior to counsel's advancing of the oral post-verdict motion and the subsequent passing of sentence, fully apprise appellant of his rights conferred by Rule 1123(c). As a result, appellant could in no way appreciate the consequences of his failure to argue orally before the post-verdict court *all* assignments of error which might later form the basis of an appeal to the Superior Court. Moreover, the record is bare of any consent on appellant's part to present his post-verdict motions in oral argument and thereby waive his right to file written motions. *See* Pa.R.Crim.P. 1123(b). Accordingly, we must vacate the judgment of sentence and remand for the filing of post-verdict motions. Following the lower court's decision on the propriety of granting these new motions, the parties may again appeal should they so elect. In taking such an appeal, they may advance any matters presented but left unresolved by the instant appeal. *Commonwealth v. Bonarrigo II*, 302 Pa.Superior Ct. 274, 448 A.2d 634 (1982); *Commonwealth v. Rowe*, 268 Pa.Superior Ct. 380, 408 A.2d 516 (1979).

> In the past, there has been some question with regard to this Court's sua sponte review of the record to determine whether the lower court complied with Rule 1123(c). Several cases have held that the absence of a specific allegation by appellant that his waiver was unintelligent or involuntary precludes an independent review of the record. *Commonwealth v. Tegano,* 265 Pa.Super. 453, 402 A.2d 526 (1979); *Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978); *Commonwealth v. Harmon,* 267 Pa.Super. 224, 406 A.2d 775 (1979).
>
> However, another line of decisions mitigates the harshness of the automatic waiver rule by reasoning that if the record is devoid of an 1123 colloquy by the lower court then appellant cannot be found to have knowingly waived his rights thereunder. *Commonwealth v. Johnson,* 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Steffish,* 243 Pa.Super. 309, 365 A.2d 865 (1976).

Id., 288 Pa.Superior Ct. at 296–297, 431 A.2d at 1056.

The judgment of sentence, dated December 3, 1981, is vacated and the case remanded for the filing of supplemental post-verdict motions. Jurisdiction is relinquished.