470 A.2d 130

**COMMONWEALTH of Pennsylvania**

v.

**Bobby AYCOCK, Appellant.**

Superior Court of Pennsylvania.

Argued April 7, 1983.

Filed Dec. 16, 1983.

64

George T. Guarnieri, Philadelphia, for appellant.

Leslie Sudock, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Bobby Aycock was tried non-jury and found guilty of aggravated assault[1] and possession of an instrument of crime.[2] On direct appeal from the judgments of sentence,[3] Aycock argues (1) that the evidence was insufficient to sustain the convictions, (2) that trial was held in violation of Pa.R.Crim.P. 1100, and (3) that trial counsel was ineffective (a) for failing to call appellant or other witnesses on behalf of the defense and (b) for arguing post-verdict motions orally at the conclusion of the trial instead of filing written post-trial motions. We agree that the evidence was insufficient to sustain the conviction for possessing an instrument of crime. Appellant's remaining contentions, however, are lacking in merit.

After Aycock had been found guilty, the trial court advised him of his right to file post-trial motions. One of the options available to him was the right to file oral, post-trial motions immediately. See: Pa.R.Crim.P. 1123(b). After appellant and his trial counsel had conferred, a decision was made to "go ahead with oral post verdict motions

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 907.

3. On the conviction for aggravated assault, Aycock was directed to make restitution of $152.00 and was placed on probation for two years. A concurrent sentence of two years probation was imposed for possession of an instrument of crime.

right now." The court thereupon heard immediate argument. This procedure was sufficient to preserve for appellate review the issues which appellant argues in this court. See: *Commonwealth v. Lewis*, 315 Pa.Super. 328, 330–31 n. 5, 461 A.2d 1305, 1306 n. 5 (1983); *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 245 n. 1, 441 A.2d 750, 751 n. 1 (1981). The use of oral post-verdict motions has been encouraged by the express language of Pa.R.Crim.P. 1123(b); and counsel will not be deemed ineffective for using authorized procedure. In this case, moreover, appellant had been instructed by the court, had conferred with counsel, and had consented affirmatively to proceed with oral motions. Cf. *Commonwealth v. Lewis, supra.* Appellant's argument that trial counsel was ineffective for proceeding by oral post-trial motions, therefore, must be rejected.

■ In reviewing a challenge to the sufficiency of the evidence, our task is to determine whether, " 'accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the [fact finder] could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.' " *Commonwealth v. Minoske*, 295 Pa.Super. 192, 198, 441 A.2d 414, 417 (1982) quoting *Commonwealth v. Frye*, 433 Pa. 473, 481, 252 A.2d 580, 584 (1969). Accord: *Commonwealth v. Giles*, 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983).

"Aggravated assault is committed when a person 'attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.' 18 Pa.C.S.A. § 2702(a)(1)." *Commonwealth v. Williams*, 290 Pa.Super. 209, 215, 434 A.2d 717, 720 (1981).

■ The evidence in this case showed that Aycock had used a piece of channel steel, approximately eighteen inches in length, to strike Melvin Anthony Lee, a fellow desk

fabricator at Metal Stand Corporation in Philadelphia, on the head and back while holding Lee on the floor with his foot. As a result of this assault, which ended when other employees intervened, Lee sustained cuts of the head requiring twenty-seven sutures.

■ This evidence was sufficient to show an aggravated assault. In *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674 (1980), a conviction for aggravated assault was affirmed where head injuries inflicted by a tire iron had required nine sutures. Such evidence, the Court concluded, was "sufficient to support an inference that [the defendant] attempted to cause serious bodily injury...." *Id.*, 278 Pa.Superior Ct. at 545, 420 A.2d at 675. See also: *Commonwealth v. Glover*, 303 Pa.Super. 229, 235–236, 449 A.2d 662, 665 (1982), *aff'd*, 500 Pa. 524, 458 A.2d 935 (1983); *Commonwealth v. Galloway*, 302 Pa.Super. 145, 153, 448 A.2d 568, 572 (1982). Although Aycock argues, as he did at trial, that he was acting in self-defense, this issue was clearly for the trier of the facts under all the evidence presented by both parties. See: *Commonwealth v. Galloway, supra; Commonwealth v. Cutts*, 281 Pa.Super. 110, 421 A.2d 1172 (1980); *Commonwealth v. Jones*, 231 Pa.Super. 300, 332 A.2d 464 (1974). The existence of a long-standing animosity between the two men and a heated dispute on the prior day, although relevant, did not compel a finding that Lee was the aggressor at the time of the alleged assault.

■ We agree with appellant, however, that the piece of channel steel used to strike Lee was not an "instrument of crime," the possession of which was proscribed by 18 Pa. C.S. § 907(a). This drawer channel was neither "commonly used" nor "specially adapted" for criminal purposes. See: 18 Pa.C.S. § 907(c). Therefore, it was not an instrument of crime.[4] See: *Commonwealth v. Cavanaugh, supra* 278 Pa.Super. at 545, 420 A.2d at 675; *Commonwealth v.*

4. The trial court, in a memorandum opinion filed pursuant to Pa.R.A. P.1925, conceded with commendable candor that it had erred in concluding that the drawer channel was an instrument of crime.

*Short,* 278 Pa.Super. 581, 596–597, 420 A.2d 694, 701–702 (1980); *Commonwealth v. Hill,* 267 Pa.Super. 140, 406 A.2d 558 (1979); *Commonwealth v. Senyszyn,* 266 Pa.Super. 480, 405 A.2d 535 (1979); 18 Pa.C.S. § 907(c).

■ Although appellant's conviction for possession of an instrument of crime must be set aside, it does not appear that the invalid conviction influenced the sentence imposed for aggravated assault. The sentences imposed were concurrent. Therefore, we find it unnecessary to remand to the trial court for resentencing. See: *Commonwealth v. Short, supra* 278 Pa.Super. at 598, 420 A.2d at 702; *Commonwealth v. Senyszyn, supra.*

■ The complaint in this case was filed on January 6, 1980. The run date under Pa.R.Crim.P. 1100, therefore, was July 3, 1980. On January 16, 1980, a Commonwealth witness failed to appear, and the preliminary hearing was continued. On February 14, 1980, the appellant failed to appear until after the continued preliminary hearing had been called and postponed once again. A third continuance of the preliminary hearing became necessary when, on March 20, 1980, a subpoenaed Commonwealth witness failed to appear. The preliminary hearing was finally held on April 8, 1980, after which the charges were returned to court. Appellant was arraigned on April 22, 1980, and trial was set for May 28. On that day, the defense filed a pre-trial omnibus motion and requested a continuance. On June 26, 1980, appellant waived Rule 1100 until August 26, 1980; and trial was rescheduled for August 19, 1980. On August 19, the Commonwealth was ready to proceed. The trial judge, however, was unable to reach the case; and at or about 3:30 p.m., the case was marked "Ready—Not reached" and given a new trial date of September 10, 1980. The Commonwealth promptly filed an extension petition on August 21, 1980. This was heard and granted by the Honorable Ned L. Hirsch on September 3, 1980. The record of that hearing confirms that it was judicial delay and not a lack of due diligence which prevented the trial from being held on August 19, 1980. It also establishes that Septem-

ber 10, 1980 was the earliest available date for trial. Finally, the record of the extension hearing confirms that when, on August 19, the trial had been assigned the new date of September 10, neither appellant nor his counsel voiced any objection thereto. Under these circumstances, the extension was properly granted. Appellant's argument to the contrary is without merit. See: *Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981); *Commonwealth v. Sutherland,* 305 Pa.Super. 1, 5–6, 451 A.2d 1, 3 (1982).

Appellant does not challenge the validity of waivers executed by him on two subsequent occasions. On September 10, 1980, trial was continued upon request of both parties, and appellant waived Rule 1100 until November 21, 1980. A similar request and waiver on November 14, 1980 resulted in a final continuance until January 21, 1981. The trial took place on January 14, 1981.

■ Appellant's next contention is that trial counsel was ineffective for failing to put appellant on the stand to testify in his own behalf. When considering this claim, we review independently the record and examine counsel's stewardship in light of available alternatives. However, the inquiry ceases and counsel will be deemed effective once we are able to conclude that counsel's actions had a reasonable basis designed to effectuate his or her client's interests. The test is not whether it appears in retrospect that another course of action would have been more successful. *Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–353 (1967); *Commonwealth v. Nelson,* 311 Pa.Super. 1, 11–12, 456 A.2d 1383, 1388 (1983); *Commonwealth v. Carroll,* 306 Pa.Super. 152, 156 n. 2, 452 A.2d 260, 262 n. 2 (1982); *Commonwealth v. Sutherland, supra* 305 Pa.Super. at 3–4, 451 A.2d at 2.

■ The record discloses, as appellant contends, that trial counsel did suggest to appellant that he not testify. However, it also reveals that appellant participated in the decision and agreed with it. He did not express dissatisfaction

with that decision until after the trial court had found him guilty. Whether appellant should have testified after the complainant had made what were perceived to be damaging admissions on cross-examination was a matter of trial strategy to be decided by appellant and his counsel. Where, as here, the trial strategy recommended by counsel was reasonable and designed to effectuate appellant's interests, we will not find counsel ineffective.

 Finally, appellant suggests that trial counsel was ineffective for failing to call as witnesses those employees who may have observed the altercation between Aycock and Lee. However, appellant fails to allege that such witnesses were available or what the nature of their testimony would have been. The bare assertion that counsel failed to call unnamed witnesses is an insufficient basis upon which to grant relief. "Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract." *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Accord: *Commonwealth v. Brown*, 313 Pa.Super. 256, 259, 459 A.2d 837, 838 (1983); *Commonwealth v. Nelson, supra* 311 Pa.Super. at 14–15, 456 A.2d at 1390.

The judgment of sentence imposed upon the conviction for aggravated assault is affirmed. The judgment of sentence imposed upon the conviction for possession of an instrument of crime is reversed and set aside.

SPAETH, J., filed a concurring opinion.

SPAETH, Judge, concurring:

I concur in the result reached by the majority but I am unable to join its reasoning. In my view, the record does not show, either that the Commonwealth exercised due diligence in bringing appellant to trial within the period

prescribed by Pa.R.Crim.P. 1100, or that it met the requirements for an extension based upon "judicial delay." [1] I am satisfied, however, that appellant waived his right to be tried within the Rule 1100 period. [2] In addition, I think it should be noted that the trial court based its decision on *Commonwealth v. Perry*, 296 Pa.Super. 359, 442 A.2d 808 (1982), which I am unable to reconcile with *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979). The majority does not acknowledge this conflict, and its opinion may be read by the trial court as approving *Perry*.

On February 14, 1980, appellant was late for his preliminary hearing. The hearing was then rescheduled for March

1. At the hearing on the Commonwealth's petition to extend the Rule 1100 period, the only evidence presented to show that trial could not be commenced before the expiration of the period was testimony of the assistant district attorney who had been assigned to the courtroom on August 19, 1980, the date appellant's case was marked "Ready, Not Reached." The assistant district attorney stated that the court instructed him to select either one or two of the cases (the record is unclear, N.T. 6) to be tried that day, since the court would be unable to reach all of the cases, and that he then selected the oldest case(s). The assistant district attorney then testified that he "asked [the court administrator] if the case was going to be continued, that it be given the earliest possible date." N.T. 7. He stated that the court administrator responded that September 10 was the earliest possible date. *Id.* This testimony did not show that the Commonwealth could not, in the exercise of due diligence, have brought appellant to trial during the remaining fifteen days before the expiration of the Rule 1100 period. *See Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Warman,* 260 Pa.Super. 130, 393 A.2d 1046 (1978). It also fell far short of the requirement, established in *Commonwealth v. Mayfield, supra,* that "if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *See also Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979) *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).

2. At the hearing on the Commonwealth's petition to extend the Rule 1100 period, the assistant district attorney who had been present on August 19, when trial was set for September 10, testified that the public defender representing appellant on August 19 "didn't say anything" in response to the trial being set for a date beyond the Rule 1100 period. Appellant did not contradict this testimony. Moreover, appellant had previously waived his rights under Rule 1100 for the period June 29, 1980, to August 26, 1980. In these circumstances, appellant waived his rights under Rule 1100 until September 10, 1980. *Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981).

20, 1980. The trial court, relying on *Commonwealth v. Perry, supra,* found that this thirty-five day period was attributable to appellant's unavailability and was thus excludable under Rule 1100(d)(1).[3]

In *Commonwealth v. Morgan, supra,* two periods of delay were in question. The first delay occurred because the appellant failed to appear for arraignment. The Commonwealth sought to exclude the period between the date he failed to appear and the date the Commonwealth's bench warrant was withdrawn. The Supreme Court, however, held this period not excludable, stating:

> Nor do we accept the argument that the postponement of the arraignment constituted a "delay in the proceedings" as required by section (d) where as here it in no way affected the commencement of trial. While the "delay" may occur "at any stage of the proceedings" it is only a delay cognizable under section (d) where it causes (either directly or indirectly) the commencement of trial to be postponed for some period of time beyond the time it would have been scheduled absent the "delay."

*Id.,* 484 Pa. at 123, 398 A.2d at 974.

The second delay occurred because the appellant failed to appear for trial, appearing instead in federal court. Trial was rescheduled, and the Commonwealth sought to attribute this delay to appellant's unavailability under Rule 1100(d). The Supreme Court, however, held that this delay represented judicial delay under Rule 1100(c),[4] and that the

3. Rule 1100(d)(1) provides:
 (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
 (1) the unavailability of the defendant or his attorney;
 Pa.R.Crim.P. 1100(d)(1).

4. Rule 1100(c) provides:
 (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if

Commonwealth was therefore required to apply for an extension "prior to the expiration of the period for the commencement of trial," Pa.R.Crim.P. 1100(c), and to show that "trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." *Id.* Moreover, the Court noted:

> It cannot be seriously argued in this case that the Commonwealth's willingness to arrange for the rescheduling of this matter without any further information than the fact that appellant was involved in a federal proceeding on January 29, 1976, exhibited the kind of due diligence that would warrant the exclusion of a period so extensive as the one here involved.
>
> 484 Pa. at 127, 398 A.2d at 976.

Here, the period of delay is like the first of the two periods considered in *Morgan.* Appellant's lateness on February 14, 1980, did not cause a delay in the commencement of trial, for a trial date had not yet been set.

In nevertheless excluding the period, the trial court relied on *Commonwealth v. Perry, supra.* In *Perry,* the Rule 1100 period expired on January 23, 1978. The appellant had been late for trial on October 26, 1977, and trial was then postponed until November 17, 1977. The case was not reached on that date; nor was it reached on a later scheduled trial date. The appellant was convicted on February 10, 1978. The majority excluded the delay from October 26 to November 17 under Rule 1100(d)(1) as attributable to the appellant's unavailability. Thus, its decision does indeed support the trial court's decision here. However, I am unable to reconcile *Perry* with *Morgan,* for under *Morgan,* the court in *Perry* should have regarded the issue as one of judicial delay, rather than one of the appellant's unavailability. *See Commonwealth v. Perry, supra* 296 Pa.Super. at 362, 442 A.2d at 810 (HOFFMAN, J., dissenting).

trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.
Pa.R.Crim.P. 1100(c).