534 A.2d 501

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William POTTS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 6, 1987.

Filed Dec. 8, 1987.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Stewart Wilder, Assistant District Attorneys, Philadelphia, for Com., appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

William Potts was tried non-jury and was found guilty of simple assault[1] and failure to stop at the scene of an accident[2] as a result of his striking a pedestrian at Fifth Street and Oregon Avenue, Philadelphia, on April 1, 1985. On appeal, after oral post-trial motions were denied and a sentence of imprisonment imposed, Potts argues that the trial court erroneously denied a pre-trial motion to dismiss based upon the Commonwealth's alleged failure to comply with Pa.R.Crim.P. 1100. We find no merit in this argument and affirm the judgment of sentence.

In an opinion prepared by the trial court, it is suggested, and the author of the dissent agrees, that the Rule 1100 issue was waived because it was not the subject of written post-trial motions. The record is clear, however, and the Commonwealth agrees, that post-trial motions were made and argued orally at the conclusion of the trial and that the Rule 1100 issue was included therein.

Oral post-verdict motions are expressly allowed by Pa.R.Crim.P. 1123(b) and are effective to preserve issues raised thereby for appellate review. See: *Commonwealth v. Aycock*, 323 Pa.Super. 62, 470 A.2d 130 (1983); *Commonwealth v. Lewis*, 315 Pa.Super. 328, 330–331 n. 5, 461 A.2d 1305, 1306 n. 5 (1983); *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 245 n. 1, 441 A.2d 750, 751 n. 1 (1981); *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 7, 375 A.2d 727, 730 (1977).

Pa.R.Crim.P. 1123(b) provides as follows:

(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the

1. 18 Pa.C.S. § 2701.
2. 75 Pa.C.S. § 3742.

acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that waiving of post-verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.

■ The interpretation of this rule was before a panel of this Court in *Commonwealth v. Kinsey, supra.* The Court recognized that "one possible interpretation of the above-quoted language would make it the responsibility of the trial judge to establish on the record the defendant's consent to this procedure." *Id.*, 249 Pa.Superior Ct. at 7, 375 A.2d at 730. However, the court rejected such an interpretation. "The requirement that a defendant agree on the record to the making of oral post-verdict motions [must] be construed consistently with the other provisions contained in Rule 1123. In short, this provision [must] be construed to protect, not defeat, a defendant's appellate rights.... [To find that where the trial court fails to obtain defendant's agreement on the record no issues are preserved for appellate review] is tantamount to the disfavored practice of presuming a waiver of valuable appellate rights from a silent record." *Id.*, 249 Pa.Superior Ct. at 14–15, 375 A.2d at 734 (Hoffman, J., Concurring). Therefore, the Court held:

> If the trial judge has properly informed the defendant, upon the record in open court, of his post-verdict rights under 1123(c), and the defendant, by counsel, thereafter proceeds to make oral motions, these motions would be proper and effective under 1123(b). In the aforestated circumstances, the post-trial claims raised orally would be properly preserved for appellate review, and assuming no further written motions were timely filed, [only] arguments not included in the oral motions would be waived for appellate purposes.

*Id.*, 249 Pa.Superior Ct. at 7, 375 A.2d at 730.

We agree with the *Kinsey* court. Rule 1123(b) was intended to provide a procedure for accelerating the disposition of post-trial motions. It was not intended as a "waiver

trap" for defendants who are willing to proceed expeditiously to a conclusion of pending criminal charges. Appellant in the instant case elected to proceed in the manner provided by 1123(b); and the issues raised in this manner were preserved for appellate review. Therefore, we will decide the Rule 1100 issue on its merits.

■ The criminal complaint was signed on April 1, 1985. The run date for Rule 1100 purposes, therefore, was September 28, 1985. Trial commenced on November 12, 1985. However, thirty-seven days were excludable. On May 22, 1985, although the Commonwealth was ready to proceed with a preliminary hearing, the hearing was continued because of a defense request for a lineup. As a result, the preliminary hearing was not held until June 28, 1985, thirty-seven days later. This period of thirty-seven days was a delay caused wholly by the defense and was excludable pursuant to Pa.R.Crim.P. 1100(d)(3)(ii). Therefore, the Rule 1100 run date was automatically extended to November 4, 1985.

■ The case was listed for trial on October 28, 1985. On that date, the court heard argument on appellant's motion to dismiss the charges pursuant to Rule 1100 and took the motion under advisement until October 30, 1985. On the latter date, the Commonwealth filed a petition for an extension of time pursuant to Rule 1100(c). The basis for the petition was that a Commonwealth witness had been hospitalized and, therefore, could not appear for trial. On November 12, 1985, prior to commencement of trial, the court granted the Commonwealth's petition for extension and, at the same time, denied appellant's motion to dismiss.

We hold that the petition for extension of time was properly granted.

> An extension is proper if the trial court finds that, despite the exercise of due diligence by the Commonwealth, trial could not be commenced within the prescribed period. Rule 1100(c)(3); *Commonwealth v. Bulling*, [331 Pa.Super. 84, 90, 480 A.2d 254, 257 (1984) ]. "It is well settled that the illness of a Commonwealth witness may be a

proper basis upon which to grant a Rule 1100 extension as the Commonwealth should not be penalized for events and circumstances which are wholly beyond its control." *Id.*, 331 Pa.Superior Ct. at 96, 480 A.2d at 260. "So long as the witness' unavailability is through no fault of the Commonwealth, a finding of due diligence is warranted and an extension is proper." *Commonwealth v. Lafty,* [333 Pa.Super. 428, 436, 482 A.2d 643, 647 (1984)].

*Commonwealth v. Kostra,* 349 Pa.Super. 89, 98, 502 A.2d 1287, 1291 (1985). See: *Commonwealth v. Burke,* 344 Pa.Super. 288, 292, 496 A.2d 799, 801 (1985); *Commonwealth v. Stewart,* 343 Pa.Super. 514, 520–521, 495 A.2d 584, 587 (1985).

The judgment of sentence is affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur in the result, only.

The issue raised is whether the trial court erred in granting the Commonwealth's Petition to Extend under Pa.R. Crim.P. 1100 because of its untimely filing. As discussed below, I consider this issue waived and would therefore affirm the judgment of sentence without reaching appellant's Rule 1100 claim.

The trial transcript discloses that appellant's counsel made oral post-verdict motions at the conclusion of the stipulated waiver trial. Those motions were denied immediately after presentation.

The presentation of oral post-verdict motions, however, is not adequate to preserve issues for appellate review. *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Shain,* 324 Pa.Super. 456, 471 A.2d 1246 (1984); *Commonwealth v. Santana,* 321 Pa.Super. 299, 468 A.2d 488 (1983); *Commonwealth v. Vitacolonna,* 297 Pa.Super. 284, 443 A.2d 838 (1982). Instead, our

appellate courts insist upon specific written post-verdict motions filed of record to effectuate appellate disposition of the merits. Presenting specific allegations of trial error orally is therefore not a substitute. *Id.* Even allegations of error not orally argued or presented are nevertheless preserved for appellate consideration so long as they are set forth in written post-verdict motions. *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978).

Post-verdict motions are permitted to be made orally at the conclusion of trial only if the defendant agrees on the record. Pa.R.Crim.P. 1123(b). My reading of the transcript discloses no such agreement by appellant at trial, nor does the record contain any other document representing to be such an agreement.

The majority suggests that because post-verdict motions, which included the instant Rule 1100 issue, were made orally at the conclusion of trial, the issue is preserved for appellate review. This is not so. We have no jurisdiction to pass upon matters not properly preserved in the record below. See Pa.R.App.P. 302(a). The ability to consider matters brought before us on appeal goes to the heart of our jurisdiction. We lack the power to entertain a claim raised to this court without proper preservation in the record of the trial court, and neither the trial court, by its consideration of the issue, nor the Commonwealth, by default in failing to raise waiver expressly or impliedly by substantive argument, can confer this jurisdiction upon us. The importance of written post-verdict motions to effective appellate review has been aptly underscored by the *Waters* court:

> [A]t the appellate level, written motions which have been filed and made part of the record provide a precise basis for determining the issues contested at the trial level.

*Id.,* 477 Pa. at 435, 384 A.2d at 236.

In sum, the insistence upon the requirement of specific written post-verdict motions in accordance with Rule 1123(a) enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous

claims; and promotes judicial economy. Because of the desirability of the objectives sought to be obtained by enforcement of this requirement and the unequivocal notice to the bench and the bar that strict compliance would be expected as to motions filed after our [*Commonwealth v.*] *Blair* decision, *there is no longer a justification for a continuation of an exception of the application where issues are raised orally.*

*Id.,* 477 Pa. at 435–36, 384 A.2d at 231; (footnote omitted; emphasis supplied).

In *Waters,* the defendant filed post-verdict motions styled only in boiler-plate fashion. At oral argument on post-verdict motions, however, he raised an issue not included in his written post-verdict motions. Our Supreme Court refused to consider the merits of this orally raised claim (as well as the boiler-plate allegations) because of defendant's non-compliance with the earlier mandate of *Commonwealth v. Blair, supra,* that all issues raised on appeal be preserved in written post-verdict motions despite having been raised by specific oral motion and considered by the trial court. The *Waters* court concluded that consideration of oral motions, alone, does not achieve the objectives of Rule 1123. Thus, I would agree with the trial court that since appellant filed no post-verdict motions, he has now waived any allegations of error (Trial Court Opinion, p. 1).

Notwithstanding the above, however, the majority proceeds to address the merits of this appeal. Its predicate for doing so is based upon its reading of Pa.R.Crim.P. 1123(b) that "[o]ral post-verdict motions are expressly allowed by Pa.R.Crim.P. 1123(b) and are effective to preserve issues raised thereby for appellate review." (Majority Opinion, p. 502). For this proposition, it cites *Commonwealth v. Aycock,* 323 Pa.Super. 62, 470 A.2d 130 (1983), *Commonwealth v. Lewis,* 315 Pa.Super. 328, 461 A.2d 1305 (1983), *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 441 A.2d 750 (1981), and *Commonwealth v. Kinsey,* 249 Pa.Super. 1, 375 A.2d 727 (1977). My reading of these cases leads me to conclude that they are not dispositive of the majority's position.

Pennsylvania Rule of Criminal Procedure 1123(b) provides as follows:

> (b) *If the defendant agrees on the record,* the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that waiving of post-verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.

Emphasis supplied.

In *Commonwealth v. Aycock, supra,* the author of the present majority concluded that the Rule 1123(b) procedure sufficed to preserve issues for appellate review because "appellant ... had conferred with counsel, and had consented *affirmatively* to proceed with oral motions." *Id.,* 323 Pa.Super. at 66, 470 A.2d at 132; emphasis supplied. *Aycock* makes reference to *Commonwealth v. Lewis, supra,* and *Commonwealth v. Von Aczel, supra* in support of this conclusion.

In *Commonwealth v. Lewis, supra,* defendant was convicted after a bench trial of the summary offense of unauthorized use of a motor vehicle. His oral post-verdict motion made pursuant to Rule 1123(b) at the conclusion of the bench trial was denied, and he was immediately sentenced. In vacating the judgment of sentence, this court considered that since defendant was not apprised on the record of his Rule 1123(c) rights to file post-verdict motions within ten days and that any motions not raised therein would be waived for appeal purposes, he could not have knowingly and intelligently surrendered his appellate rights. Moreover, and like the instant case, the record was *barren* of any consent by the appellant there to present post-verdict motions orally, which waived the right to reassert the orally-made allegation in any subsequently filed written post-verdict motion.

The defendant in *Commonwealth v. Von Aczel, supra,* did consent to have counsel orally present the insufficiency of the evidence claim at the conclusion of the bench trial, after denial of which he was sentenced. This court concluded that two other issues which would have normally been waived because they were raised on appeal for the first time were cognizable nonetheless. One implicated the legality of his sentence for two inchoate crimes which is non-waivable. The other issue, raising ineffectiveness of trial counsel, was not waived under the then prevailing law which did not permit counsel to assail his own ineffectiveness. It also appears that defendant there, as in *Commonwealth v. Lewis, supra,* was not informed on the record of his rights pursuant to Rule 1123(c). Considering that two of the issues were non-waivable both in substance as well as procedurally, the *Von Aczel* court most likely addressed the merits of the orally-made sufficiency claim in the interests of judicial economy.

Similarly, in *Commonwealth v. Kinsey, supra,* defendant, again, was not informed of his Rule 1123(c) rights after his bench trial adjudication of guilt and pronouncement of sentence. Additionally, no consent to have counsel orally present post-verdict motions at the conclusion of trial appeared of record. Although Judge Hoffman's concurrence in *Kinsey* concluded that oral presentation properly preserved all the issues raised there despite defendant's lack of consent on the record, it does acknowledge:

> Rule 1123(b) allows a defendant to waive knowingly and voluntarily the filing of post-verdict motions after the trial court advises him that waiver will preclude an appeal on any issues which might have been raised in such motions. *The defendant must personally make this waiver.* The requirement that a defendant *agree on the record* to the making of oral post-verdict motions should be construed consistently with the other provisions contained in Rule 1123. In short, this provision should be construed to protect, not defeat, a defendant's appellate rights. The trial court *should inform* the defendant of

the prejudice that could result if counsel does not reserve the right to file written post-verdict motions. The court *should then solicit and obtain* a defendant's agreement to the oral motions. The appellant in the case at bar should not be penalized for the trial court's failure to obtain his consent. Only this result comports with the thrust of Rule 1123(b) and (c); a contrary result is tantamount to the disfavored practice of presuming a waiver of valuable appellate rights from a silent record.

*Id.* 249 Pa.Super. at 14–15, 375 A.2d at 734 (Hoffman, J., concurring) (emphasis supplied; footnote omitted).

I agree with the concern expressed by the concurrence that a defendant should not be "waived out" of his right to have claims of error addressed by an appellate court which he, in good faith, believed were properly presented to the trial court. On this basis, I would hold that the trial court's failure to obtain a defendant's consent on the record before post-verdict motions are presented orally would not preclude but, rather, would mandate an appellate court's consideration of the same on the merits when this error is compounded by the failure of the trial court to apprise the defendant pursuant to Rule 1123(c) of his right to file written post-verdict motions within the time prescribed by subsection (a) of the Rule and the ramifying effects of his failure to do so.

Thus, given the scenarios delineated in the cases cited by the majority, I am unpersuaded that they lend any support at all to the majority's position that presentation of *oral* post-verdict motions is adequate to preserve any issues raised therein for appellate review. First, unlike the defendants in *Lewis, Von Aczel,* and *Kinsey,* appellant here *was* informed by the trial court of his post-verdict rights as required by Pa.R.Crim.P. 1123(c) (N.T. 63–65). Secondly, the court in *Lewis* and *Kinsey,* considered the defendants' lack of record consent coupled with failure to advise the defendants of their rights pursuant to Rule 1123(c) determinative in addressing the merits of those appeals.

In *Aycock,* defendant and his counsel "had conferred, [and] a decision was made to go ahead with oral post-verdict

motions...." *Id.* 323 Pa.Super. at 65, 470 A.2d at 131. This court implicitly concluded from the foregoing that defendant had entered a record consent and thus proceeded to address the merits. However, even assuming that the defendant there had, in conferring with counsel, agreed to allow the latter to present his post-verdict claims orally, this is not the type of consent contemplated by what I perceive to be the clear import of Rule 1123(b) that "[i]f the defendant agrees *on the record,* the post-verdict motions may be made orally...." (emphasis supplied). It stands to reason that a conference between attorney and client, especially with regard to strategy impacting upon the latter's basic appellate rights, does not normally transpire upon an open record. Nor can a defendant's consent be "implied" from the mere fact that his counsel presents oral post-verdict motions on his behalf, even after conferral with the client. In terms of the Rule's on-the-record requirement, consent cannot be presumed from a silent record.

In my view, the "on-the-record" requirement of the Rule implicates, at least, a colloquy between the trial court and the defendant in much the same way as that required by Rule 1123(c) and 1405(c).[1] In colloquy, the trial court must explain to the defendant the waiver ramifications in the event the latter does agree, on the record, to have his post-trial claims orally heard. After this explanation, the trial court must then obtain the defendant's *personal* consent on the record to have his post-trial claims presented orally along with the defendant's knowing and intelligent acknowledgement that oral presentation bars forever further assertion of claims made pursuant to Rule 1123(a) and on appeal.

In effect, a defendant's consent on the record made pursuant to Rule 1123(b) operates as a waiver of the right to include any allegations orally presented and disposed of at that time by the trial court in subsequent written post-

1. Pa.R.Crim.P. 1405(c) requires the sentencing court to advise the defendant in open court on the record, of his post-sentencing rights, including a caveat that only issues preserved in the trial court may be raised on appeal.

verdict motions filed within the ten-day period prescribed by subsection (a) thereof. I believe that such a conclusion may be readily presumed from the tenor of the language in Rule 1123(b) allowing a defendant to voluntarily and understandingly waive the filing of post-verdict motions within the ten-day period of the Rule. The Rule then mandates that before this event, i.e., the waiving of filing post-verdict motions, the trial court must apprise the defendant in accordance with subsection (c) that the waiver precludes appellate review of any issues.

This is also consistent with the concept of precluding relitigation of a matter once adjudicated, i.e., granted or denied. Thus, it stands to reason that an allegation once orally made and disposed of cannot then be re-presented in Rule 1123(a) written post-verdict motions required to be filed, if at all, within ten days of the finding of guilt. The teaching of our Supreme Court in *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), is that only issues included in written post-verdict motions are preserved for appellate review. Since oral post-verdict claims once decided are barred from inclusion in any subsequent written post-verdict motions filed pursuant to Rule 1123(a), they also cannot be preserved for appellate review.

Here, the record is silent as to any consent by appellant to have his counsel present oral post-verdict motions at the conclusion of the trial. Normally, this would not result in waiver, for I agree with Judge Hoffman that "appellant ... should not be penalized for the trial court's failure to obtain his consent." *Commonwealth v. Kinsey, supra*, 249 Pa.Super. at 15, 375 A.2d at 734 (Hoffman, J., concurring). Absent an on-the-record consent, it cannot be said that a defendant could effect a knowing and intelligent waiver forever barring appellate review of his claims.

However, the trial court here, at the conclusion of the testimony and after announcing its verdict, rigorously followed the requirements of Pa.R.Crim.P. 1123(c) in delineating appellant's rights thereunder. Specifically, the trial court explained to appellant that he had the right to file post-verdict motions within the ten-day period provided by

the Rule. If not, appellant would lose the right to raise issues on appeal if he did not file these motions (N.T. 63–65). Thus, appellant was well aware of his option to file written post-verdict motions within the ten-day period prescribed by the Rule and the full implications of his failure to do so. Instead, he took his chances that the trial court would act favorably upon his oral request for post-trial relief by discharging him or, alternatively, granting him a new trial. Appellant gambled with his rights and lost. He cannot now be heard to complain to this court.

I wish to emphasize that I do not disavow the efficacy of Rule 1123(b)'s allowance of oral post-verdict motions. However, Rule 1123(b) must be read and considered in its proper context, not in a vacuum as the majority seems to have done. It is necessary to interpret Rule 1123(b) in terms of its waiver impact, in terms of our Supreme Court's teaching in *Commonwealth v. Philpot, supra, Commonwealth v. Waters, supra,* and *Commonwealth v. Blair, supra,* that oral presentation does not suffice for the purpose of issue preservation on appeal and in light of the requirements of *Commonwealth v. Gravely, supra,* that only those issues appearing in written post-verdict motions are reviewable by an appellate court.

I would therefore affirm the judgment of sentence on the basis of waiver.