J-S51004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TALIQUE Q. MINCEY, | : | |
| | : | |
| Appellant | : | No. 564 EDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003938-2009

BEFORE: DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 22, 2019**

Appellant, Talique Q. Mincey, appeals from the Order entered in the Philadelphia County Court of Common Pleas dismissing the guilt-phase claims in his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant challenges the effectiveness of counsel's assistance for failing to call character witnesses. After careful review, we affirm.

This Court previously set forth the underlying facts, so we will not repeat them here. *See Commonwealth v. Mincey*, No. 1871 EDA 2011, unpublished memorandum at 1-6 (Pa. Super. filed July 18, 2012). Briefly, on May 24, 2011, a jury convicted Appellant of First-Degree Murder, Carrying a Firearm Without a License, and Possession of an Instrument of Crime[1] in

---

[1] 18 Pa.C.S. § 2502(a); 18 Pa.C.S. § 6106; and 18 Pa.C.S. § 907, respectively.

connection with the October 22, 2008 shooting of Thomas Fredrick in Philadelphia. On July 8, 2011, the trial court sentenced Appellant to the mandatory term of life imprisonment without parole.

Appellant filed a timely direct appeal, and this Court affirmed Appellant's Judgment of Sentence. *Id.* On May 29, 2013, our Supreme Court denied allowance of appeal. *Commonwealth v. Mincey*, 67 A.3d 795 (Pa. 2013).

On December 2, 2013, Appellant filed a *pro se* PCRA Petition, his first. The PCRA court appointed counsel, who filed an Amended PCRA Petition on July 9, 2016. Appellant claimed, *inter alia*, that: (1) his trial counsel was ineffective for failing to call available character witnesses; and (2) his sentence was illegal pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] The Commonwealth filed a Motion to Dismiss arguing that Appellant's guilt-phase PCRA claims did not merit relief, but conceding that Appellant is entitled to relief pursuant to *Miller* and *Montgomery*.

On January 20, 2017, the PCRA court dismissed the instant PCRA Petition without a hearing after providing notice pursuant to Pa.R.Crim.P. 907

---

[2] Counsel annexed Appellant's certified birth certificate showing his date of birth was January 24, 1991. Appellant was 17 years, 8 months' old when he committed his crime. In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under 18 years of age. The United States Supreme Court held in *Montgomery* that its decision in *Miller* applies retroactively.

- 2 -

with respect to Appellant's ineffective assistance of counsel claim. The PCRA court granted but stayed Appellant's sentencing issue under **Miller** and **Montgomery** pending appeal. Order, 1/20/17, *citing* **Commonwealth v. Bryant**, 780 A.2d 646, 648 (Pa. 2001) (directing that review of a PCRA court's decision denying guilt-phase relief should precede the imposition of a new sentence by the trial court).

Appellant filed a timely Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Whether the PCRA court violated paragraph (1) of Rule 907 of Pa.R.Crim.P. by summarily dismissing [Appellant's] PCRA petition without evidentiary hearing, where there was a genuine issue of material fact as to whether [Appellant] was denied the effective assistance of counsel as guaranteed under the United States and Pennsylvania Constitutions, when trial counsel failed to present character witnesses to testify as to [Appellant's] reputation for peacefulness and non-violence.

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

- 3 -

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003) (citations omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant claims that counsel was ineffective for failing to call witnesses to testify about his good character, *i.e.*, that he was peaceful and law abiding. Appellant's Brief at 14-23.

To obtain relief on a claim that counsel was ineffective for failing to call a potential witness, the PCRA petitioner must establish that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007).

As an initial matter, a petitioner must name and identify with specificity the alleged witnesses. *See Commonwealth v. Brown*, 767 A.2d 576, 583-84 (Pa. Super. 2001); *Commonwealth v. Copenhefer*, 719 A.2d 242, 254 (Pa. 1998) (holding petitioner not entitled to relief where he failed to "set forth the name of a single person who was willing to testify on his behalf as a character witness"). "The bare assertion that counsel failed to call unnamed witnesses is an insufficient basis upon which to grant relief." *Commonwealth v. Aycock*, 470 A.2d 130, 134 (Pa. Super. 1983).

After carefully reviewing the certified record, including Appellant's *pro se* and Amended PCRA Petitions, we conclude that Appellant has failed to identify by name any alleged witness supporting his allegations. Since Appellant did not identify any character witnesses in any way, he could not

prove that they in fact existed, that trial counsel was aware, or should have been aware, of them, or that they were available for trial. As a result, Appellant cannot prevail on his claim of ineffective assistance of trial counsel for failing to locate or call these unidentified witnesses at trial. Thus, the PCRA court did not abuse its discretion in denying Appellant's guilt-phase PCRA claims without an evidentiary hearing.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19