449 A.2d 662

**COMMONWEALTH of Pennsylvania**

v.

**Albert GLOVER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 22, 1982.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal
Granted Nov. 4, 1982.

George B. Angell, Port Allegheny for appellant.

Marion E. Mac Intyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

BROSKY, Judge:

Appellant was convicted of aggravated assault and battery on October 7, 1976. Post-trial motions were filed in October, 1976, but were withdrawn in April, 1977. On April 20, 1977, appellant was sentenced to a term of imprisonment of 18 to 36 months. On April 27, present counsel entered his appearance on appellant's behalf. A motion to vacate sentence was filed and former counsel withdrew his appearance in May, 1977. On May 25, 1977, the motion to vacate sentence was granted and post-trial motions were reinstated. Appellant was released on bail.

The parties agree that argument was held on the post-trial motions in July, 1977. However, the court apparently did not take any action on the motions following argument. In February, 1978 appellant's counsel wrote to the judge who had heard the argument on the motions and inquired as to

their status. Appellant claims that reargument was held on the motions in the spring or summer of 1978; appellee seems uncertain as to whether such an argument was held.

In any case, no action was taken by the court on the motions until July of 1980 at which time another judge was assigned to dispose of the matter. Appellant states that his counsel made inquiry as to the motions in the period 1978–1980, but the record discloses no written evidence of such an inquiry. No motion to dismiss was filed until August 27, 1980. That motion was denied in February, 1981 and oral argument was again held on the post-verdict motions on March 25, 1981. The motions were denied on April 28, 1981. Appellant was sentenced on June 24, 1981 and this appeal followed.

The primary issue before us is whether the charges against appellant should be dismissed because of the lower court's delay in disposing of his post-trial motions and in sentencing him. Appellant claims that dismissal is justified on the grounds that his constitutional rights to due process and speedy trial were violated and because the lower court failed to comply with Pa.Rule of Criminal Procedure 1122. Appellant also argues that the verdict as to aggravated assault was not supported by sufficient evidence. We affirm the judgment.

In *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980), our Supreme Court noted that the question of whether the Sixth Amendment speedy trial right extends to sentencing has not been settled. The court did, however, assume *arguendo* that such a right exists. See also: *Pollard v. U.S.*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). We will follow the approach taken in *Pounds* and turn now to the factors to be considered in determining whether the speedy trial right has been violated.[1]

1. In *Pounds*, supra, 490 Pa. at 631 n. 11, 417 A.2d at 601 n. 11, the court said that the same considerations applicable in the context of a speedy trial claim are applicable to a claimed due process violation based on delays in proceedings.

■   The principal factors to be considered are length of delay, reason for the delay, assertion of the right, and resulting prejudice to interests protected by the right to speedy trial. *Pounds*, supra, 490 Pa. at 627, 417 A.2d at 599.

In the present case, post-trial motions were reinstated in May, 1977. Sentence was not imposed until June, 1981. The delay was certainly sufficient to trigger further inquiry.

As to the second factor, reason for the delay, the record is devoid of explanation. The lower court judge who denied appellant's motion for dismissal was unable to find the reason for the delay, and, the Commonwealth offers no explanation. Based on this lack of information, we are unable to evaluate the reason for delay. However, we do note that unlike the situation in *Pounds*, we have no reason to believe that the delay was caused by appellant. This fact, or more precisely, absence of evidence of fault on appellant's part, also distinguishes this case from our decision in *Commonwealth v. Hill*, 282 Pa.Super. 462, 422 A.2d 1385 (1980), and *Commonwealth v. Krasner*, 285 Pa.Super. 389, 427 A.2d 1169 (1981).

The next factor to be considered is whether appellant asserted his speedy trial right. Here, as in *Pounds*, no formal assertion of the right was made during most of the delay. Indeed, more than three years passed before a motion to dismiss (the first motion filed in regard to this question) was filed. The *Pounds* court found that letters sent to the court did not constitute a formal petition. This result is especially called for in the present case in which the only letter of record merely inquired as to what decision had been reached on the motions—no assertion of constitutional rights was made.

Finally, we turn to a consideration of whether appellant was prejudiced by the delay. In *Pounds* at 490 Pa. 629, n. 10, the court outlined the interests which the speedy trial right protects. They are: prevention of oppressive pretrial incarceration, minimization of an accused's anxiety and concern and limitation of the possibility that the defense will be impaired.

Appellant was free on bail following the reinstatement of the post-verdict motions.

He does claim, however, to have suffered anxiety and concern because of the delay. Specifically, Mr. Glover says that he was unable to plan his future, that marriage plans could not be made and that he suffered anxiety which accompanies public accusation. As to the last mentioned concern, we note that early sentencing would not have itself altered the public's view of appellant. We do recognize that he may have been uncertain as to his future, but see no demonstration of the degree of anxiety which is of constitutional proportions. Certainly, balancing his uncertainty was Mr. Glover's opportunity to remain free on bail.

Appellant also argues that should this case be remanded for new trial, his defense would likely be impaired for the lapse of time. However, because appellant's argument in support of new trial does not warrant remand, we cannot find him prejudiced in this regard.[2]

■ We certainly do not condone the delay that occurred in this case. The court has a responsibility to dispose of post-trial motions and sentence promptly. However, application of the aforestated principles leads us to conclude that appellant's constitutional rights were not violated. We base our decision on the lack of prejudice shown by appellant and on his failure to assert his rights for three years. Under these circumstances, we will not dismiss the charges.

■ We reach a similar decision as to appellant's claim that the lower court's failure to comply with Pa.Rule of Crim.Procedure 1122 calls for dismissal of the charges.

Certainly, the court did not comply with Rule 1122 which provides in pertinent part:

All motions for a new trial and motions in arrest of judgment shall be decided within thirty days after argument except under unusual circumstances.

---

**2.** Appellant's sole argument in support of new trial is that the verdict is supported by insufficient evidence. We will discuss this issue briefly later in our opinion.

However, since we have found that appellant has not demonstrated prejudice from the delay in sentencing, we also conclude that he was not prejudiced by the delay in disposition of his post-trial motions.

Again, we do not condone violation of court rules, but we do not believe that dismissal is mandated in this case.

We turn finally to appellant's claim that his conviction of aggravated assault is not supported by the evidence. He bases his argument on testimony given by the victim of the crime, who said that he did not consider the injuries he received to have been serious.

■ In answering a claim that a verdict is not supported by sufficient evidence, we must view the evidence in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981).

Aggravated assault is defined in relevant part as:
(a) Offense defined—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

Act of October 1, 1980, P.L. 693, as *amended*; 18 Pa.C.S. § 2702.

As the statute makes clear, a person can be found guilty of aggravated assault if he attempts to cause serious bodily injury.

The victim in this case testified that three men repeatedly hit him in the head with their fists and kicked him. We agree with the lower court's conclusion that under the circumstances the jury could have inferred that the defendant attempted to cause serious bodily injury to the victim.

■ The victim's testimony as to the extent of his injury, the weight of which is for the jury to determine, may have suggested that the injury actually incurred was not serious

bodily injury. However, even if the jury reached that conclusion, it could still have found that the defendant attempted to cause such injury.

The case is clearly distinguishable from *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978), in which the court found evidence that defendant struck one blow to the victim's head was, *without more*, insufficient to support a finding of intent to inflict serious bodily injury.

In this case, on the other hand, the jury could have found the requisite intent in the fact that the appellant struck the victim repeatedly and did not act alone. Three men attacked him. Their disproportionate strength and repeated blows distinguished this case from *Alexander*, supra.

Judgment of sentence affirmed.

WIEAND, J., concurs in result.