J. S61005/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STANLEY FOSTER BOWERSOX, | : | No. 1283 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 24, 2013,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002503-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 30, 2015**

Appellant, Stanley Foster Bowersox, appeals from the judgment of sentence of June 24, 2013, following his convictions for aggravated assault, criminal conspiracy, and robbery.  We affirm.

The trial court summarized the relevant factual history of this case as follows:

> On August 12, 2012, Appellant and a co-defendant viciously beat and robbed Brent Allen. The two then assaulted and stabbed Derrick Elverton, a Good Samaritan who had come to Allen's aid.
>
> The genesis of these crimes was a malicious plot to resolve a common dispute with violence. Appellant and Ashley Smith were in a romantic relationship.  Smith reported to Appellant that Brent Allen was making unwanted romantic overtures to her on Facebook.  Appellant, Andrew Loomis and Smith then concocted a cold-blooded

_____

* Retired Senior Judge assigned to the Superior Court.

plan to assault Allen. Smith lured Allen to a potentially romantic encounter by enticing him through Facebook into meeting her at midnight in a park and to bring marijuana.

Allen appeared at the appointed time and place. En route, Allen found an old golf club which he brought with him. Consistent with their plan, Smith coaxed Allen to walk up a street where Appellant and Loomis were lying in wait unbeknownst to Allen. As their prey neared, Appellant and Loomis jumped out from the bushes and assaulted Allen. Appellant and Loomis wrested the golf club from Allen and hit him with such force the golf club broke. Appellant and Loomis rifled through Allen's clothing demanding marijuana and his cell phone. While Allen was on the ground, Appellant and Loomis continued to kick and beat him about the head and body. Allen is much smaller than Appellant and Loomis. Allen removed his pants and hoodie in an attempt to escape from his assailants. Allen suffered a host of injuries including a concussion as a result of the attack.

These events occurred in the vicinity of Derrick Elverton's home. Elverton observed part of the assault on Allen from his front porch. Elverton appealed to Appellant and Loomis to stop beating up Allen. The two assailants did not stop. Fortunately, Allen was able to run to Elverton's porch and find refuge inside Elverton's house.

Appellant and Loomis left momentarily but returned with a butcher knife. Elverton, not knowing the two assailants had returned, went down the sidewalk to retrieve Allen's clothing. Appellant and Loomis surrounded Elverton. Loomis was behind him with a knife and Appellant was face-to-face with Elverton. Appellant and Loomis began verbally assaulting Elverton for stopping the assault on Allen.

The verbal assault escalated into a physical assault when Loomis pulled the butcher knife on Elverton. Appellant implored Loomis to "stick him,

stick him." Loomis stabbed Elverton in the back. Despite the stab wound, Elverton was able to fight back. Elverton took the knife from Loomis and stabbed Appellant. Thereafter, Appellant and Loomis fled the scene.

Allen was transported to the Hamot Hospital Emergency Room where he was treated for a concussion and numerous bruises and abrasions. Allen missed three days of work due to the head injury. His medical bills totaled $8340.20. Elverton was treated for the stab wound in the back. The butcher knife entered Elverton's back to a depth of two inches. The knife did not puncture Elverton's lung because of his musculature.

Trial court opinion, 9/19/13 at 1-3.

A bench trial was held on May 15, 2013, and appellant was convicted of aggravated assault, criminal conspiracy, and robbery. On June 24, 2013, appellant was sentenced to an aggregate term of 13½ to 27 years' imprisonment to be followed by 10 years of probation. A post-sentence motion to reconsider sentence was filed and denied. This timely appeal followed. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion. On November 12, 2013, appellant filed a motion to waive counsel and proceed **pro se**. The trial court granted the motion by order dated January 26, 2014.

Appellant raises the following issue for this court's review:

THERE WAS INSUFFICIENT [EVIDENCE] TO SUPPORT THE TRIAL COURT'S FINDING OF GUILT AS TO THE CHARGES OF AGGRAVATED ASSAULT, 18 PA.C.S. § 2702(A)(1); CRIMINAL CONSPIRACY, 18 PA.C.S. § 903(C) AND ROBBERY, 18 PA.C.S. § 3701.

Appellant's brief at 17.

Before we begin to address the substance of appellant's argument, we note that appellant is proceeding **pro se**. As such, appellant is not excused from following the rules of appellate procedure. **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). The issue raised in appellant's brief differs from the issue raised in appellant's counseled Rule 1925(b) statement. The specific issue raised in the Rule 1925(b) statement, and addressed by the trial court, is as follows:

> 9. There was insufficient evidence submitted at trial to support the jury's [sic] finding the Appellant guilty of the Serious Bodily Injury enhancement to the Robbery and Aggravated Assault charges. Further, there was insufficient evidence to support the jury's [sic] finding the Appellant guilty of Criminal Conspiracy to Commit Aggravated Assault where no clear evidence was shown.

Statement of Matters Complained of on Appeal, Document #28. Thus, based on the above, we first discuss only whether the evidence was insufficient to support the finding of the "Serious Bodily Injury enhancement to the Robbery and Aggravated Assault charges."

In reviewing a sufficiency challenge, we apply the following well-settled principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above

> test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 559-560 (Pa.Super. 2011) (*en banc*), quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa.Super. 2008).

Appellant was convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), which provides, "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S.A. § 2301." *Commonwealth v. Stevenson*, 894 A.2d 759, 774 (Pa.Super. 2006). "The intent to cause serious bodily harm may be shown by circumstances

surrounding the incident." ***Commonwealth v. Caterino***, 678 A.2d 389, 391 (Pa.Super. 1996). "[T]he conduct giving rise to the inference that the defendant intended to inflict serious bodily harm need not in itself be life threatening." ***Id.***

Moreover, to sustain a conviction for aggravated assault, the Commonwealth need not show that serious bodily injury actually occurred, but only that the defendant attempted to cause serious bodily injury to another person. ***Stevenson***, 894 A.2d at 774. An "attempt" exists when "the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another." ***Id.*** (citation and quotation omitted).

Appellant contends the injuries sustained by Brent Allen ("Allen") did not amount to the requisite degree of "serious bodily injury" necessary to sustain appellant's conviction for aggravated assault. (Appellant's brief at 19.) According to appellant, Allen's injuries were not as severe as Allen claimed and "were far less significant" than found in other cases where this court determined serious bodily injury had not been sustained. (***Id.***) In support of his argument, appellant cites ***Commonwealth v. Alexander***, 383 A.2d 887, 889 (Pa. 1978), where our supreme court found that a broken nose and facial lacerations did not rise to the level of serious bodily injury. Appellant's reliance on ***Alexander*** is misplaced. In ***Alexander***, our supreme court held that a single blow to the face of the victim, without

more, <u>resulting only in a fractured nose</u> was not sufficient to constitute aggravated assault. *Id.* (emphasis added).

Here, the record reveals Allen was hit with a golf club so hard that the club broke. Allen, who was physically smaller than appellant, was repeatedly kicked in the head and body by both appellant and Andrew Loomis ("Loomis"). Allen suffered a concussion along with numerous bruises and lacerations, and missed three days of work. Clearly, breaking a golf club on Allen and repeatedly kicking him in the head and body establish an intent to commit serious bodily injury.

The instant facts are more akin to **Commonwealth v. Glover**, 449 A.2d 662 (Pa.Super. 1982), **affirmed**, 458 A.2d 935 (Pa. 1983), where this court held that the testimony of the victim that three men repeatedly hit him in the head with their fists and kicked him was sufficient to warrant an inference that the defendant attempted to cause serious bodily injury to the victim. Had Allen not been able to escape by wiggling out of his pants and hoodie, the beating inflicted by appellant and Loomis would have been even more severe with worse consequences.[1] Accordingly, we find appellant's argument that the evidence was insufficient to support the serious bodily injury enhancement to aggravated assault to be without merit.

---

[1] Allen testified he was afraid for his life. When describing the beating he endured, Allen stated, "I was prepared to die that night." (Notes of testimony, 5/15/13 at 73.) Derrick Elverton testified that he heard appellant and Loomis state, "Let's take him [Allen] somewhere and kill him." (**Id.** at 100.)

In his next argument, appellant claims the injuries sustained by Allen did not amount to the requisite degree of "serious bodily injury" necessary to sustain appellant's conviction for robbery. Appellant also claims there was no evidence he committed a theft. (Appellant's brief at 30-32.) Appellant was convicted of robbery under 18 Pa.C.S.A. § 3701(a)(1)(i) which provides, "A person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another." We have already determined that the beating Allen endured satisfied the "serious bodily injury" prong.

Allen testified, "they [appellant and Loomis] started running through my pockets asking me where all my stuff was, you know, give me everything." (Notes of testimony, 5/15/13 at 72.) He further stated, "They were putting their hands in my pockets trying to take everything I had." (*Id.*) Whether appellant actually succeeded in removing property from Allen is immaterial. According to the robbery statute, "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S.A. § 3702(a)(2). Clearly, we can infer appellant and Loomis were looking to take anything, for instance, appellant's cellphone or money, they could find in his pockets. Accordingly, there is no merit to this argument.

In his last argument, appellant claims there was insufficient evidence to sustain his conviction for criminal conspiracy to commit aggravated

- 8 -

assault against Elverton, the Good Samaritan, who ended up being stabbed in the back with a 12-inch butcher knife. (Appellant's brief at 24-29.)

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy.

*Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa.Super. 2006); *see also* 18 Pa.C.S.A. § 903(a). We recognize that:

> [c]ircumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:
>
>> An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Commonwealth v. Perez*, 931 A.2d 703, 708 (Pa.Super. 2007), quoting *Commonwealth v. Jones*, 874 A.2d 108, 121-122 (Pa.Super. 2005) (citation omitted). "Circumstances like an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant when taken together in context, but individually each is insufficient

to prove a conspiracy." ***Id.*** (citation omitted). Furthermore, we recognize that, "[o]nce there is evidence of the presence of a conspiracy, conspirators are liable for acts of co-conspirators committed in furtherance of the conspiracy." ***Commonwealth v. Lambert***, 795 A.2d 1010, 1016 (Pa.Super. 2002) (internal citations omitted).

Instantly, the fact that appellant did not wield the knife is of no moment. The record indicates appellant acted in concert with Loomis. Elverton testified that he was standing on his porch and heard someone screaming. (Notes of testimony, 5/15/13 at 99.) Elverton saw Allen being beaten with a golf club by two men. (***Id.*** at 100.) He watched Allen escape, get caught, and break loose a second time. (***Id.***) Allen ran onto Elverton's porch, and Elverton told him to go into his house. (***Id.***) According to Elverton, Allen asked him to retrieve his shirt and shoes, which Elverton agreed to do. (***Id.***) Elverton then described how appellant and Loomis cornered him in an alleyway: "one got in front and one got in back." (***Id.*** at 101.) Elverton described the "tussle" that ensued as he fought both appellant and Loomis. (***Id.*** at 104-109.)

Additionally, appellant contends he did not tell Loomis to "stick him," but rather, said "get him." Appellant also claims that Loomis' actions of stabbing Elverton were beyond those which appellant intended. First, appellant's choice of words is inconsequential here. Second, even if appellant did not anticipate Elverton getting stabbed, as a co-conspirator, he

is liable for the actions of Elverton. Upon review of the evidence presented in the light most favorable to the Commonwealth, as the verdict winner, we conclude there was ample evidence to sustain appellant's conviction for criminal conspiracy to commit aggravated assault.

Appellant's judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015