J-S49024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD WROTEN | |
| Appellant | No. 273 EDA 2016 |

Appeal from the PCRA Order December 18, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001127-2013

BEFORE: PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 15, 2016**

Appellant, Edward Wroten, appeals from the December 18, 2015 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant factual background of this case as follows:

> On March [17, 2013], at approximately 1:30 a.m., [Appellant] and [the] victim [] got into an argument that turned physical.
>
> During the struggle, the victim was punched and fell to the ground hitting his head on the ground. When [the victim] was laying [*sic*] on the ground, [Appellant] was seen kicking the victim twice in the head. The victim suffered serious bodily injury, including a brain injury, which caused the victim to be in a coma for a period of time and required extensive brain surgery to treat the damage that he received in this matter.

PCRA Court Opinion, 12/18/2015, at 1 (citation omitted).

*Former Justice specially assigned to the Superior Court.

The relevant procedural history of this case is as follows. Appellant was charged with simple assault,[1] recklessly endangering another person,[2] and aggravated assault.[3] On February 6, 2015, Appellant pled guilty to aggravated assault. On April 9, 2014, pursuant to a stipulation, Appellant was sentenced to four to eight years' incarceration. Appellant did not file a direct appeal.

Appellant filed a counseled PCRA petition on February 4, 2015 alleging that ineffective assistance of counsel, specifically inappropriate advice regarding the entry of a guilty plea, caused him to enter an invalid plea. The PCRA court held an evidentiary hearing on September 15 and 16, 2015. The PCRA court denied Appellant's PCRA petition on December 18, 2015. This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Was [Appellant] required to [raise his claims on direct review]?

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 2705.

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Instead, the PCRA court relied on its December 18, 2015 opinion which stated the reasons for its denial of Appellant's PCRA petition.

2. Did the trial court impermissibly involve [itself] in pretrial negotiations in the instant matter, prior to imposing sentence?

3. Did [Appellant] present evidence that he was not guilty of aggravated assault?

Appellant's Brief at 4.[5]

Preliminarily, we note that Appellant properly raised an ineffective assistance of counsel claim in his PCRA petition. In **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), our Supreme Court held that claims of trial counsel's ineffectiveness must almost always be deferred until collateral review. *Id. a*t 738. Therefore, Appellant did not waive his ineffective assistance of counsel claim by waiting until his PCRA petition to raise the claim.

We consider Appellant's second and third issues together. As noted above, the only claim raised in Appellant's PCRA petition was that he "[pled] guilty based on inappropriate advice from his trial [counsel]. He should be permitted to withdraw his plea and restart the process of deciding whether or not to plead based on accurate understanding of his rights. The advice he was given constitutes ineffective assistance of counsel." PCRA Petition, 2/4/15, at 4. In his brief, however, Appellant does not address the alleged ineffective assistance his plea counsel rendered in advising him to plead

_____

[5] We have re-numbered the issues for ease of disposition.

guilty. As such, his ineffective assistance claim is waived. ***See*** Pa.R.A.P. 2119(a).

Instead, in his second issue Appellant argues that the trial court's wrongful involvement in plea negotiations unlawfully induced his plea. In addition, Appellant's third issue argues that he is actually innocent of aggravated assault and guilty only of simple assault. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(iii) (A petitioner is entitled to PCRA relief if his or her "plea of guilty [was] unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."). These claims are waived as they were not included in Appellant's PCRA petition. Pa.R.A.P. 302(a); ***see Commonwealth v. Dennis***, 950 A.2d 945, 956 (Pa. 2008). As Appellant has waived his issues on appeal, we affirm the denial of relief.[6]

Order affirmed.

_____

[6] Even if we were to reach the merits of Appellant's claim that he is innocent of aggravated assault, we would conclude he is not entitled to relief. In order to be entitled to relief under section 9543(a)(2)(iii), a petitioner must plead and prove that he is actually innocent. In this case, Appellant concedes that he kicked the victim twice in the head while the victim was on the ground. Such action constitutes aggravated assault. ***See Commonwealth v. Rodriquez***, 673 A.2d 962, 966 (Pa. Super. 1996), *appeal denied*, 692 A.2d 565 (Pa. 1997) (citations omitted); ***Commonwealth v. Glover***, 449 A.2d 662, 665 (Pa. Super. 1982), *aff'd*, 458 A.2d 935 (Pa. 1983); ***Commonwealth v. Gregory***, 406 A.2d 539, 542 (Pa. Super. 1979) (*en banc*). Accordingly, Appellant failed to plead and prove that he is actually innocent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016