**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEXTER BRANCH | : | |
| | : | |
| Appellant | : | No. 434 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004887-2015

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    Filed: November 25, 2020

Dexter Branch appeals from the December 14, 2018 judgment of sentence of seven to fourteen years of imprisonment imposed after he was found guilty by a jury of aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1]  Appellant's appointed counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Appellant has not filed a response to counsel's petition to withdraw. Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2702, 2701, and 2705, respectively.

The facts underlying Appellant's arrest and conviction are as follows. On April 19, 2015, about 6:00 p.m., Thomas Haefner ("the victim"), was walking in the area of North 28th and West York Streets in Philadelphia when three men yelled, "[H]ey white boy, come here." N.T., 3/2/16, at 88. The victim kept walking, whereupon he was attacked from behind by Appellant and two unknown males. *Id.* at 89–90. Immediately after the attack began, the victim fell to the ground and attempted to cover his face with his hands to protect himself. *Id.* at 91. The men punched, kicked, and stomped the victim for three to five minutes; at first, it was the three attackers, in the end, only Appellant continued the attack. *Id.* 91–92. There was a substantial size difference between the victim and Appellant: the victim weighed about 150 pounds and Appellant weighed between 250 to 300 pounds. *Id.* at 211.

Pamela Johns, an eyewitness to the conclusion of the attack, testified at trial. N.T., 3/2/16, at 55–83. Ms. Johns testified that as she left a laundromat at 29th and York Streets about 6:00 p.m. on April 19, 2015, she heard people screaming and pointing as they exited a church in the area. *Id.* at 57–58. Ms. Johns ran over and observed Appellant striking the victim with his fists approximately ten to fifteen times. *Id.* at 60–64. Ms. Johns described Appellant standing over the victim and punching him while the victim was on the ground attempting to cover his face with his hands throughout the attack. *Id.* at 61–63. People exiting the church telephoned police, who arrived shortly thereafter. *Id*. at 64.

Both officers who arrived on the scene testified. Officer John Mulqueeney testified he and his partner, Officer John Case, were on routine patrol in a marked police vehicle in the area of 29th and West York Streets when they were flagged down by a person screaming that there was a man being assaulted. N.T., 3/1/16, at 56–57. When the officers arrived, the victim was on the ground, bleeding. *Id.* at 57. Both officers exited their vehicle, and a bystander started pointing at Appellant and yelling, "[H]e is getting away." *Id.* at 59. Officer Mulqueeney stayed with the victim, while Officer Case ran after Appellant. *Id.* at 61. Officer Case testified he wore a body camera, which he described as a "digital electronic recording device that we wear on our person." N.T., 3/2/16, at 12. Officer Case testified that as he ran after Appellant, he "was able to turn [his] body camera on." *Id.* at 14. The video, in part, was shown at trial. *Id.* at 15.

As a result of the attack, the victim spent six days in the hospital. N.T., 3/2/16, at 95, 262. The victim suffered two jaw fractures that required surgery, a nasal fracture, broken ribs, a punctured lung, and a laceration to his forehead resulting in a scar running from the bridge of his nose to the top of his head. *Id.* at 95–102, 262–263. At the time of trial, eleven months after the attack, the victim still had metal plating in his mouth and remained unable to eat hard foods. *Id.* at 98–100.

A jury trial began on March 1, 2016, where Appellant, the victim, Ms. Johns, the officers who arrived at the scene, and a social worker from the

hospital, all testified. The Commonwealth introduced the victim's medical records and photographs of the victim taken after the attack that documented the severity of the victim's injuries. Appellant was convicted of the above-described charges on March 3, 2016. Sentencing was delayed for the completion of a presentence investigation ("PSI") report and thereafter, for a mental health evaluation and Appellant's incompetency. Eventually, Appellant was sentenced on December 14, 2018, to seven to fourteen years of imprisonment for aggravated assault, with no further penalty for the remaining charges. N.T. (Sentencing), 12/14/18, at 28; Order of Sentence, 12/14/18. On December 23, 2018, Appellant filed a post-sentence motion, which the trial court denied on January 7, 2019. Appellant filed a notice of appeal, and the trial court directed the filing of a statement pursuant to Pa.R.A.P. 1925. Pursuant to Pa.R.A.P. 1925(c)(4), Appellant filed a statement indicating that he would file an ***Anders*** brief; the trial court did not file an opinion.

Before we address any question raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he

or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In addition, our Supreme Court, in *Santiago*, 978 A.2d 349, stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel filed the required petition[2] averring that after a conscientious review of the record, he found the appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 3/24/20, at ¶ 3. He filed an *Anders* brief discussing issues that Appellant wanted to pursue and concluded further that no other issues could reasonably support the appeal. *Anders* Brief at 13. He

---

[2] We note that counsel's Petition for Leave to Withdraw as Counsel contains an inaccurate statement regarding Appellant's conviction and sentence, suggesting that counsel perhaps utilized a cut-and-paste template. This isolated improper reference does not impact the nature and substance of the petition, nor does it negate counsel's stated review of the record. The brief and letter to Appellant both contain correct information and facts. *Anders* Brief at 1–3; Letter to Appellant, 4/24/20.

provided Appellant with copies of his petition and brief and advised Appellant that he could retain new counsel or proceed *pro se* and raise additional arguments. Letter to Appellant, 3/24/20. Thus, counsel complied with the technical ***Anders*** requirements.

Also, counsel's brief is sufficiently compliant with ***Santiago***. The brief sets forth the history of this case and refers to the notes of testimony, pertinent case authority, and sets forth issues of arguable merit. ***Anders*** Brief at 1–12. Further, the brief advances counsel's conclusion that the appeal is frivolous and the reason for counsel's conclusion. ***Id.*** at 7. Accordingly, we proceed to examine the issues counsel identified in the ***Anders*** brief, and then we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Counsel identified the following issue in his ***Anders*** brief: "Is [Appellant's] appeal frivolous such that counsel should be permitted to withdraw?" ***Anders*** Brief at 2. While this statement of question to be raised on appeal is insufficient, the ***Anders*** brief set forth three subparts, which we have renumbered for ease of disposition, as follows:

A. The Evidence Presented Was Insufficient to Sustain the Jury's Verdict

B. The Jury's Verdict Was Against the Weight of the Evidence

C. The Sentence Imposed Constituted an Abuse of Discretion

***Anders*** Brief at 8, 10, 12.

Appellant's first issue assails the sufficiency of the evidence. Our standard of review when considering a challenge to the sufficiency of the evidence is well settled:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict."
>
> Our Supreme Court has instructed: The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding [an appellant]'s guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> In addition, "the Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the [Appellant]."

*Commonwealth v. Green*, 203 A.3d 250, 253 (Pa. Super. 2019) (*en banc*), *appeal denied*, 216 A.3d 1036, 54 WAL 2019 (Pa. filed July 30, 2019).

Appellant was convicted of aggravated assault, simple assault, and REAP. Those crimes are defined, in relevant part, as follows:

**§ 2702. Aggravated Assault**

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S. § 2702(a)(1). Serious bodily injury is bodily injury that "creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

### § 2701. Simple Assault

a) Offense defined.--Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

18 Pa.C.S. § 2701(a)(1).

### § 2705. Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

Our review of the record compels the conclusion that the Commonwealth presented sufficient evidence supporting all three convictions. Appellant, who weighed nearly twice as much as the victim, and two other men attacked the victim from behind, forced the victim to the ground, and beat him with their fists and kicked him over a significant period. N.T. 3/2/16, at 89–92, 211. An eyewitness, Ms. Johns, testified at trial that she observed Appellant punching

the helpless victim ten to fifteen times. *Id.* at 60–64. The victim suffered two jaw fractures, a nasal fracture, broken ribs, a punctured lung, and a laceration to his forehead resulting in scarring. *Id.* at 95, 262–263. Eleven months after the attack, at trial, evidence of the injuries still remained: the victim had metal plates in his mouth and could no longer eat hard foods. *Id.* at 98–100. These facts were plainly sufficient to prove that Appellant inflicted or intended to inflict serious bodily injury on the victim. *See*, *e.g.*, *Commonwealth v. Kinney*, 157 A.3d 968, 973 (Pa. Super. 2017) (finding that four chipped teeth, loss of consciousness, and bruising and swelling to the head from repeated kicking and punching was sufficient evidence of serious bodily injury). Appellant not only caused serious bodily injury, his actions also demonstrated the required *mens rea* for aggravated assault, given the severity of the injuries, prolonged length of the attack, Appellant's significant size compared to the victim, and the fact that he joined with two other individuals to commit the assault. *See Commonwealth v. Glover*, 449 A.2d 662, 665–666 (Pa. Super. 1982) (finding that three men repeatedly hitting and kicking the victim in the head was sufficient to support a finding of intent to inflict serious bodily injury); *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978) (disproportionate size difference between the defendant and the victim relevant to support a finding of intent).

The evidence was sufficient to prove that Appellant caused the victim serious bodily injury by repeatedly kicking and punching him in the head and

body. 18 Pa.C.S. §§ 2701(a)(1), 2701, 2705. Thus, Appellant's claims regarding the sufficiency of the evidence lack merit.

Next, Appellant asserts the jury's verdict was against the weight of the evidence. ***Anders*** Brief at 12.

The standard in reviewing a weight-of-the-evidence claim is well settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted).

Initially, we note two concerns. First, other than a paragraph in the brief setting forth the standards regarding a weight claim, Appellant presents merely two general sentences in support of the issue. ***Anders*** Brief at 12. Moreover, the threshold question for this Court is whether Appellant's weight issue has been preserved. Pennsylvania Rule of Criminal Procedure 607 governs challenges to the weight of the evidence and provides, in relevant part, as follows:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) Orally, on the record, at any time before sentencing;

(2) By written motion at any time before sentencing; or

(3) In a post-sentence motion.

Pa.R.Crim.P. 607(A).

In his brief on appeal, Appellant purports to challenge the weight of the evidence underlying all of his convictions. In his post-sentence motion, however, Appellant presented only a boilerplate challenge: "The weight of the evidence presented by the Commonwealth was insufficient to sustain a verdict of guilty as to any of the charges. The testimony of the Commonwealth's witnesses was incredible and uncorroborated by any credible and/or unbiased evidence." Post Sentence Motion, 12/26/18, at ¶ 3. It has long been the law in Pennsylvania that a boilerplate post-sentence motion merely stating that the verdict was against the weight of the evidence preserves no issue for appellate review unless the motion specifies in what way the verdict was against the weight of the evidence. *Commonwealth v. Holmes*, 461 A.2d 1268, 1270 (Pa. Super. 1983). The statement identified above failed to present a clear claim to the trial court and is waived.

Even if not waived, the issue lacks merit. The trial court denied relief to Appellant on his weight claim. Order, 1/8/19. Although we do not have the benefit of an opinion providing the court's reasoning, the record reveals the following. Much of the evidence at trial consisted of the testimony of the

victim, law enforcement officers, and a witness who observed the beating. We agree with counsel that a "review of the trial transcript, along with exhibits presented by the Commonwealth at trial, including [Appellant's] medical records, and police body-worn camera video and audio, does not demonstrate that the jury's verdict . . . was in any way shocking." *Anders* Brief at 12. Thus, Appellant would not be entitled to relief on this claim.

Finally, Appellant complains that his sentence was an abuse of discretion, which presents a challenge to discretionary aspects of sentence. It is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

> from is not appropriate under the Sentencing Code,
> 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

As noted, Appellant filed both a timely post-sentence motion and a notice of appeal. In his motion, Appellant alleged that the trial court applied the Sentencing Guidelines erroneously. Post Sentence Motion, 12/26/18, at ¶ 5. Appellant has not included a statement raising this issue in his brief pursuant to Rule 2119(f). However:

> [i]n the non-*Anders* context, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*. Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Wilson*, 396 Pa. Super. 296, 578 A.2d 523 (1990); *see also Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009). Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.

*Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015); *see also Commonwealth v. Bynum-Hamilton*, 135 A.3d 179 (Pa. Super 2016) (the appellant's failure to file a separate Rule 2119 statement where counsel has sought to withdraw does not preclude review of whether the appellant's issue is frivolous). Thus, we consider whether Appellant has raised a substantial question.

Appellant is unable to raise a substantial question that his sentence is inappropriate under the Sentencing Guidelines. While he asserted in his post-sentence motion that the trial court applied the guidelines erroneously, he did not explain where or how that is so. Thus, Appellant's post-sentence motion failed to specify what circumstances warranted a shorter sentence. ***See Commonwealth v. Hornaman***, 920 A.2d 1282, 1284 (Pa. Super. 2007) (general assertions that a sentence is "unreasonable" or "excessive" do not establish a substantial question.) In short, counsel is unable to present a non-frivolous discretionary sentencing claim because Appellant's post-sentence motion failed to state why or what underlying circumstances rendered the sentence unreasonable.

Appellant's prior record score was RFEL,[3] and the offense gravity score for aggravated assault was eleven. N.T., 12/14/18, at 12. Thus, the minimum sentence under the sentencing-guideline range for his aggravated assault conviction was eighty-four to 102 months of incarceration, plus or minus twelve months. ***Id.*** The trial court sentenced Appellant to seven to fourteen years of imprisonment for aggravated assault, with no further penalty for REAP and simple assault. ***Id.*** at 28. In addition, the court granted credit for time served, including the time Appellant was held at Norristown State Hospital between his trial and sentencing. ***Id.*** at 14. As the Commonwealth

---

[3] RFEL is a designation in 204 Pa.Code § 303.4 of a repeat felony offender. ***Commonwealth v. Johnson***, 125 A.3d 822, 825 (Pa. Super. 2015).

points out, "Because the court sentenced [Appellant] to the minimum period of the standard range of the guidelines and granted him credit for the entirety of his time in custody since his arrest, it did not violate any provision of the Sentencing Code or upend any fundamental norms underlying the sentencing process." Commonwealth's Brief at 8.

At the sentencing hearing, the trial court noted its close examination of the PSI report and all of the other reports that had been submitted to it, including those that documented Appellant's "progress since the trial happened." N.T., 12/14/18, at 25. "We have repeatedly held that where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020) (citing *Moury*, 992 A.2d 162).

We conclude that Appellant cannot show a violation of the Sentencing Code or a particular fundamental norm underlying the sentencing process. Accordingly, we agree with counsel that this discretionary sentencing claim presented in the *Anders* brief is wholly frivolous. Thus, any challenge to the court's sentencing decision is both unreviewable and meritless.

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Yorgey*, 188 A.3d at 1195. After review of the issues raised by counsel and our independent review of the record, we conclude that an

appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw of Jason C. Kadish, Esquire, granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20