J-S04011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MAHONEY | : | |
| | : | |
| Appellant | : | No. 847 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007305-2019

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:         **FILED MARCH 26, 2024**

William Mahoney appeals from the judgment of sentence of eleven and one-half to twenty-three months of imprisonment followed by four years of probation following his conviction for, *inter alia*, aggravated assault. We affirm.

The trial court set forth the relevant facts as follows:

> On March 30, 2019, Su Lin was driving near the intersection of Front and Federal Streets in South Philadelphia. As he attempted to change lanes, a van cut him off, and Mr. Lin honked his horn. The van stopped in the middle of the street. [Witness testimony and video evidence introduced by the Commonwealth showed that] two passengers, a man and a woman, exited and approached Mr. Lin's car on foot. Mr. Lin stepped out of his vehicle as they neared. The three briefly exchanged words. Then the man . . . [and] woman began to beat Mr. Lin.
>
> Moments later, [Appellant] neared the scene in his car and likewise exited on foot. Mr. Lin testified that he expected [Appellant] to break up the fight or otherwise render him aid. Instead, [Appellant] joined the other two assailants and began

repeatedly punching and kicking Mr. Lin, knocking him down onto the pavement and stomping on his head. Eventually Appellant and the other two assailants fled the scene, allowing Mr. Lin to call police from a nearby restaurant. Mr. Lin was subsequently transported to Jefferson Hospital by family members. He sustained, among other injuries, a head wound requiring several staples.

Trial Court Opinion, 5/22/23, at 1 (cleaned up).

Appellant was charged with multiple offenses relating to his part in the attack. Following a non-jury trial, the trial court found Appellant guilty of aggravated assault, simple assault, and recklessly endangering another person, and sentenced him as indicated above. Appellant filed a post-sentence motion challenging the verdict on weight and sufficiency grounds, which was denied by operation of law.

This timely appeal followed. The trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. Thereafter, the court issued a Rule 1925(a) opinion.

Appellant presents the following issues for our review, which we have reordered for ease of disposition:

> 1. Whether the videotaped and witness evidence put forth at trial was insufficient to demonstrate that [Appellant] attempted to cause serious bodily injury to another or caused such injury.
>
> 2. Whether the verdict was against the weight of the evidence in the situation where the videotaped evidence and witness testimony did not establish that [Appellant] committed the crime of aggravated assault beyond a reasonable doubt.

Appellant's brief at 6 (cleaned up).

Appellant first disputes the sufficiency of the evidence supporting his conviction for aggravated assault. A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. ***See Commonwealth v. Smith***, 234 A.3d 576, 581 (Pa. 2020). Specifically,

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying this test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Boyer***, 282 A.3d 1161, 1171 (Pa.Super. 2022) (cleaned up).

Our Crimes Code states that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Appellant's aggravated assault conviction arose from the attempt to cause serious bodily injury, which requires proof that he acted intentionally. ***See***

*Commonwealth v. Sinkiewicz*, 293 A.3d 681, 688 (Pa.Super. 2023). "A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super. 2012).

Since there is rarely direct evidence of the defendant's intent, it ordinarily must be proven through circumstantial evidence and inferred from acts, conduct, or attendant circumstances. *See Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa.Super. 2013) (*en banc*). Accordingly, whether a defendant acted with the necessary intent to sustain an aggravated assault conviction is evaluated based on the totality of the circumstances, including the defendant's use of a weapon to aid his attack, whether he left the scene of the assault of his own accord, and his statements before, during, or after the crime occurred. *See id*.

Appellant avers that the Commonwealth did not present sufficient evidence to prove the "requisite intent to inflict serious bodily injury." Appellant's brief at 18. Appellant claims that because he, *e.g.,* left the scene of the assault of his own volition, did not use a weapon during the incident, and never spoke to Mr. Lin, the Commonwealth failed to prove that he acted with the necessary intent to sustain an aggravated assault conviction. *Id*. at 18-19 (citing *Commonwealth v. Alexander*; 383 A.2d 887, 889 (Pa. 1978); *Fortune*, 68 A.3d 980 at 984, 986). Next, Appellant alleges that because the videos did not definitively establish that he hit Mr. Lin and because Mr. Lin

stated that he was "not so sure" the precise number of times Appellant struck him, the evidence was insufficient to sustain his conviction. Appellant's brief at 17. Thus, Appellant likens the case at bar to **Alexander**, where our Supreme Court ruled that one punch to the head was not enough to establish an intent to cause serious bodily injury. **Alexander**, 383 A.2d at 889-90.

Upon review, we conclude that the certified record supports Appellant's aggravated assault conviction. Mr. Lin testified that, while he was trying to defend himself from the blows of the first two assailants, Appellant approached and "punched me from the side and he knocked me down[,] . . . and then I was punched and kicked." N.T. Trial, 3/10/22, at 7. When asked specifically what Appellant did to him, Mr. Lin stated that he "punched me, he kicked me, and he stomped me in the head, repeatedly." **Id**. at 13. Based upon Mr. Lin's testimony, the trial court determined that Appellant joined the first two assailants in assaulting Mr. Lin and then proceeded to strike him numerous times after having witnessed him suffer repeated blows at the hands of the original two attackers. **See** Trial Court Opinion, 5/22/23, at 1, 4. Moreover, since the testimony indicated that Appellant was hit repeatedly, not once, Appellant's reliance upon **Alexander** is inapt.

Instead, as the trial court did, we find this case materially similar to **Commonwealth v. Glover**, 449 A.2d 662 (Pa.Super. 1982). There, we affirmed an aggravated assault conviction premised upon attempt to cause serious bodily injury, stating that "the [factfinder] could have found the requisite intent in the fact that the appellant struck the victim repeatedly and

did not act alone." *Id*. at 666. As indicated above, the testimony here demonstrated that Appellant struck the victim several times while the victim was simultaneously defending himself against two other people. Thus, like the defendant in *Glover*, Appellant struck Mr. Lin "repeatedly" and "did not act alone." *Id*. In viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the Commonwealth sufficiently established that Appellant pummeled Mr. Lin in a manner indicative of an intent to cause serious bodily injury. Accordingly, the evidence is sufficient to establish aggravated assault beyond reasonable doubt, and Appellant is not entitled to relief on this issue.

Next, Appellant contends that the trial court erred in denying his motion for a new trial based upon the claim that the verdict was against the weight of the evidence. *See* Appellant's brief at 8. In Appellant's view, his testimony and the video partially showing the incident proves that he arrived at a fight that was already in progress and that he took no action to assault Mr. Lin. *Id*. at 14-15. Moreover, Appellant notes that his twelve-year-old daughter testified that he did not assault the victim. *Id*. at 11. Due to these factors, Appellant avers that the Commonwealth's theory of him assaulting Mr. Lin was implausible. *Id*. at 11, 14-15.

The following legal tenets apply to our consideration of Appellant's claim:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the

trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Arias*, 286 A.3d 341, 352 (Pa.Super. 2022) (cleaned up). Accordingly, our task is to determine whether the trial court, in ruling on Appellant's weight challenge, "abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will." *Commonwealth v. Clay*, 64 A.3d 1049, 1056 (Pa. 2013) (cleaned up).

The trial court expressly found Mr. Lin's testimony to be more credible than that of the Appellant. *See* Trial Court Opinion, 5/22/23, at 3. In so doing, the court reasoned that "Mr. Lin was an eyewitness to his own assault with no motivation to lie. His testimony was also corroborated by video footage placing [Appellant's] car at the scene of the assault." *Id*. Furthermore, the court explained that although "[Appellant] proffered an alternate theory for his presence—that he was rendering aid to Mr. Lin—that conflicting testimony d[id] not thereby entitle [Appellant] to acquittal." *Id*. Indeed, the court concluded that "given Mr. Lin's testimony[,] and the fact that [Appellant] never called for, nor awaited, the police after claiming to have

rendered aid to Mr. Lin," Appellant's defense was unbelievable, and therefore it did not err in denying his weight claim. ***Id***.

Our examination of the certified record reveals that the trial court did not reject Appellant's challenge by "reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will." ***Clay***, 64 A.3d at 1056. Rather, the court's credibility determinations are supported by the evidence of record. Thus, Appellant's claim fails.[1]

In sum, because neither issue warrants relief, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024

---

[1] The trial court did not explicitly address the testimony given by Appellant's daughter. However, because it rejected the defense proffered by Appellant and appeared to accept as true the entirety of Mr. Lin's testimony, it is clear that the court did not credit the daughter's testimony.